11-2920-ag
Hua v. Holder

BIA
Hom, IJ
A088 917 233

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of July, two thousand twelve.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        RAYMOND J. LOHIER, Jr.,
            *Circuit Judges.*
_____

LU JIN HUA,
        *Petitioner,*

        v.                                          11-2920-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Thomas V. Massucci, New York,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michael P. Lindemann,
                       Assistant Director; Glen T. Jaeger,
                       Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lu Jin Hua, a native and citizen of the People's Republic of China, seeks review of a June 22, 2011, order of the BIA, affirming the March 24, 2009, decision of an Immigration Judge ("IJ") which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lu Jin Hua*, No. A088 917 233 (B.I.A. June 22, 2011), *aff'g* No. A088 917 233 (Immig. Ct. N.Y. City Mar. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Past Harm

To establish past persecution "on account of" a political opinion, an asylum applicant must demonstrate that the persecution arises from her own political opinion, actual or imputed.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).  The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief.  *See Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). The agency reasonably determined that Hua had failed to demonstrate that the harm she suffered was on account of a protected ground because Hua testified that Chinese authorities detained her for questioning and interrogation as to her mother's whereabouts, and that she was released with instructions to report back her mother's location, not that the authorities had targeted her because they thought she was a Falun Gong practitioner.  *See Tao Jiang v. Gonzales*, 500 F.3d 137, 142 (2d Cir. 2007) (finding no nexus to a protected ground where alien adduced no evidence that government actors imputed to alien his mother's political opinion).

The BIA also did not err in determining that the harm Hua alleged–being arrested, detained, and slapped twice in the face–did not rise to the level of persecution, particularly because Hua did not testify that she required medical treatment or suffered any lasting physical effects as a result.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (no error in BIA's finding that a beating resulting in minor bruising for which medical treatment was not sought did not rise to the level of persecution); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (brief periods of detention do not constitute persecution).

## II.  Well-Founded Fear

Hua also argues that she has demonstrated a well-founded fear of persecution because she is a member of a social group consisting of the families of Falun Gong practitioners, and because the Chinese government will persecute her if she is removed.  The agency reasonably found that Hua failed to meet her burden of proof regarding her Falun Gong practice, because her witness could not tell the difference between Falun Gong and other exercises and had not attended any demonstrations with her.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Diallo v. INS*, 232 F.3d 279, 285-86 (2d

Cir. 2000) (deferring to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating [her] story, or an explanation for its absence, may be required where reasonably expected."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to an applicant's evidence in proceedings lies largely within the discretion of the agency). The agency did not err in declining to credit Hua's only additional proof of her Falun Gong practice, as her photographs were undated and only of her practicing Falun Gong in her home. *Id.*

Finally, the agency reasonably rejected Hua's claim that she will be persecuted on account of her illegal departure from China because she was previously permitted to leave China passing through checkpoints using her own passport and presented no other evidence to support this claim. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 133-34 (2d Cir. 2003) (mandating a case-by-case factual inquiry into whether an illegal departure would result in persecution). Ultimately, because the agency did not err in concluding that Hua failed to establish past persecution or a well-founded fear of persecution if removed to China, it

5

did not err in deying asylum, withholding of removal, and CAT relief as the claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6